UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENVIRONMENTAL DEMOLITION GROUP, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:19-cv-04086-JPH-TAB ) |
| KENNETH KYLE MURRAY, | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND FOR AWARD OF ATTORNEY'S FEES**

**I.    Introduction**

This action began on October 1, 2019, when Plaintiff Environmental Demolition Group, LLC filed a complaint against Defendant Kenneth Kyle Murray, a former employee, for multiple claims, including violation of the federal Defend Trade Secrets Act and the Indiana Uniform Trade Secrets Act. [Filing No. 1.] On August 27, 2020, the parties participated in a telephonic settlement conference with the undersigned magistrate judge. During the conference, the parties reached an agreement on the terms of settlement. [Filing No. 24.] However, the settlement conference occurred remotely, and the parties did not sign a written agreement during the conference. Murray thereafter refused to sign a settlement agreement, prompting EDG to file a motion to enforce settlement agreement and for an award of attorney's fees [Filing No. 32], which is now before the Court. Murray finally signed the agreement on January 18, 2021. [Filing No. 42, at ECF p. 3.] While EDG's motion to enforce the agreement is now moot, EDG continues to seek an award of attorney's fees and costs for its expenses incurred in preparing the

motion. [Filing No. 32, at ECF p. 6; Filing No. 44, at ECF p. 3-4.] For reasons stated below, EDG's request for fees should be denied.

**II.     Analysis**

EDG argues that it should be granted attorney's fees for all activity subsequent to September 11, 2020, the date EDG first tendered the written settlement to Murray's counsel after the parties had agreed in principle to settle this case at the August 27 settlement conference. [Filing No. 42, at ECF p. 3-4.] "Generally, litigants in the United States must pay their own attorney's fees. Of course, there are exceptions to this rule: It has long been established that even under the American common-law rule attorney's fees may be awarded against a party who has proceeded in bad faith." *United Ventures v. Cnty. of Lake*, 894 F.2d 250, 253 (7th Cir. 1990) (internal citations and quotation marks omitted).

EDG claims that Murray "has acted in bad faith by misrepresenting his ability and willingness to settle this action. Such bad faith conduct resulted in significant costs to negotiate and prepare the settlement agreement and excessive delays in the course of this litigation." [Filing No. 32, at ECF p. 7.] EDG further argues, in its January 19, 2021, status report to the Court:

> While [Murray]'s belated execution of the settlement agreement makes EDG's request for enforcement of the agreement a moot point, it does not cure the additional attorney's fees EDG incurred due to [Murray]'s unnecessary delay and bad-faith bargaining. There should have been no delay, no need for repeated follow-up, no need for further judicial intervention, and no need to address thirteenth-hour threats by [Murray] of even further non-compliance.

[Filing No. 42, at ECF p. 3.]

EDG's frustrations with Murray's breaches and delays are valid. However, to say that Murray engaged in bad faith goes too far. To be sure, Murray had a change of heart about whether to settle this case and was concerned about the settlement in relation to his financial

2

condition. [Filing No. 32, at ECF p. 5.] However, he did not deceive anyone. Murray was faced with the difficult decision of whether to settle the federal court lawsuit filed against him in October of 2019. [Filing No. 1.] These facts, without more, do not rise to the level of bad faith. While there is no dispute that Murray regrettably delayed the process, he ultimately completed the necessary steps for settlement. Therefore, EDG's request for fees, while understandable, should be denied.

### III. Conclusion

EDG's motion for enforcement of the settlement agreement is now moot given that Murray has signed the agreement. While the issue of fees remains outstanding, the underlying motion is resolved. Murray's reluctance to sign the settlement agreement and bring closure to this litigation is unfortunate, yet neither unprecedented nor even wholly surprising. An award of fees, and the additional litigation that it would entail, is best avoided. Accordingly, EDG's motion [Filing No. 32] should be denied.

Date: 1/22/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution to all counsel of record via ECF
and to the following via U.S. Mail:

KENNETH KYLE MURRAY
1724 Chester Blvd.
Richmond, IN 47374