UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENVIRONMENTAL DEMOLITION GROUP, LLC, </br></br> Plaintiff, </br></br> v. </br></br> KENNETH KYLE MURRAY, </br></br> Defendant. | </br></br></br></br> No. 1:19-cv-04086-JPH-TAB |

**ORDER DENYING MOTION TO AMEND**

On January 27, 2021 Plaintiff, Environmental Demolition Group, filed a stipulation to dismiss this case with prejudice. Dkt. 47. That stipulation also said that "[t]he Court will retain jurisdiction of this case for three years for the limited purpose of enforcing the parties' settlement agreement." *Id.* The Court acknowledged the stipulation of dismissal with prejudice and directed the Clerk to close this case on the docket without retaining jurisdiction to enforce the settlement. Dkt. 48; *see McCall–Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985) ("There must be a deliberate retention of jurisdiction . . . ."). Indeed, "a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice." *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).

Plaintiff has filed a motion to amend, asking for dismissal without prejudice and for the Court to retain jurisdiction to enforce the settlement agreement. Dkt. [50]. However, the stipulation of dismissal was with prejudice

1

and included only one sentence saying that the Court will retain jurisdiction for the limited purpose of enforcing the settlement agreement.  Dkt. 47.  It did not explain why the Court should retain jurisdiction to enforce the settlement agreement.  *See id.*

Moreover, the settlement agreement resolved the federal question that gave this Court jurisdiction under 28 U.S.C. § 1331.  *See* dkt. 1 at 2; *See McCall–Bey*, 777 F.2d at 1185.  That leaves only enforcement of that agreement, and "[a] disagreement about whether parties to a settlement have honored their commitments is a contract dispute."  *Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015); *McCall–Bey*, 777 F.2d at 1185 (settlement enforcements do not arise under federal law "even [if their] ultimate origin is federal").  Indeed, the executed settlement agreement includes a provision that "[a]ny action" to enforce it "shall be brought" in state court.  Dkt. 45 at 5.

In sum, the settlement agreement reflects the ordinary rule that settlement agreements are enforced through state-law breach-of-contract actions, and Plaintiff dismissed this case with prejudice without explaining why the Court should instead retain jurisdiction.  Plaintiff's motion to amend is therefore **DENIED**.  Dkt. [50].

**SO ORDERED.**

Date: 2/10/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH KYLE MURRAY
1724 Chester Blvd.
Richmond, IN 47374

Jeffrey A. Calabrese
STOLL KEENON OGDEN PLLC
jeff.calabrese@skofirm.com

J. Michael Cavosie
EASTER & CAVOSIE
mcavosie@easterandcavosie.com

Steven Terrell Clark
STOLL KEENON OGDEN, PLLC (Louisville)
steven.clark@skofirm.com

Elizabeth Ann Huffman
EASTER & CAVOSIE
Bhuffman@easterandcavosie.com

Mark T. Hurst
STOLL KEENON OGDEN PLLC
mark.hurst@skofirm.com